[Civ. No. 49682. Second Dist., Div. Five. Nov. 29, 1976.]

LAUTRUP, INC., et al., Plaintiffs and Appellants, v.
TRANS-WEST DISCOUNT CORPORATION et al.,
Defendants and Respondents.

**COUNSEL**

David Nobel & Harold Greenberg for Plaintiffs and Appellants.

Leland, Hoffman, Kalik & Klein and N. Stanley Leland for Defendants and Respondents.

**OPINION**

**KAUS, P. J.**—Appellants filed two actions in Riverside and Los Angeles counties against defendants and respondents Trans-West Discount Corporation, et al. Appellants petitioned the Los Angeles Superior Court to coordinate the actions. The petition was denied on August 10, 1976. Notice of appeal from the order of August 10, 1976, was filed on September 14, 1976.

■ Section 904.1 of the Code of Civil Procedure,[1] which lists all appealable superior court judgments and orders, does not mention orders denying petitions for coordination. Section 404.6, however, an integral part of the coordination statute enacted in 1972 (Stats. 1972, ch. 1162, p. 2287, § 2) provides as follows: "Within 10 days after service upon him of a written notice of entry of an order of the court under this chapter, any party may petition the appropriate reviewing court for a writ of mandate to require the court to make such order as the reviewing court finds appropriate."

Quite obviously the 1972 Legislature considered the reviewability of orders made in connection with coordination proceedings and decided that mandate rather than appeal was appropriate. Had the Legislature

---

[1]All statutory references are to the Code of Civil Procedure.

contemplated that such orders should be appealable, it would have been a simple matter to amend section 904.1.

Appellants' argument that appeals from orders denying coordination are somehow included in the provision of section 904.1, subdivision (c), permitting appeals from stays or dismissals "on the ground of inconvenient forum" has no merit. First: the direct reference is obviously to orders made under section 410.30. Second: such orders are not even analogous to orders denying coordination, since they stop the lawsuit temporarily or permanently, permitting an appeal to wind its stately way through the appellate courts. An order denying coordination, on the other hand, merely directs that two actions sharing common questions of fact or law shall each proceed in the court where they are pending. The policy reasons for not permitting their orderly processing to be delayed by lengthy intermediate appeals are obvious.

The appeal is dismissed.

Ashby, J., and Hastings, J., concurred.

A petition for a rehearing was denied December 13, 1976.